No. 20,847.

JAMES E. BERNI *v.* FORREST E. COOK AND
BOULDER VALLEY SCHOOL DISTRICT NO. RE-2.
(386 P. [2d] 588)

Decided November 12, 1963.

Mr. RICHARD A. ZARLENGO, for plaintiff in error.

Mr. FORREST E. COOK, pro se.

Messrs. HUTCHINSON & HUTCHINSON, for defendant in
error Boulder Valley School District.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

THIS is a school board election action. We shall refer
to the parties by name.

Berni, as a registered resident voter, challenged in

the county court (under the Colorado Election Code of 1963, H. B. 38, Sections 194 and 195) the election of Cook as a Director of District A within the Boulder Valley School District No. Re-2. The district in question had been organized pursuant to 1960 Perm. Supp. C.R.S. '53, 123-25-1 et seq. under what is commonly called the School District Organization Act of 1957; its area includes the south one-half of Boulder County. Part of the district is heavily urban, such as the City of Boulder, and part is largely rural or mountainous.

Under the provisions of 123-25-13 (2) the district was divided into seven director districts designated A through G. Director District A lies in the sparsely populated southwest mountainous part of the district and covers about one-half of the general district area.

At the election held May 6, 1963, Arnold Kretzmann, who resided in District A, received 126 votes in A and 597 votes throughout the general district. Cook, who also resided in director district A, received 88 votes in District A and 2423 votes in the general district. Cook was thereafter declared to be the winner by both the school board and the county court after this contest ensued.

The entire dispute revolves around the question as to whether the voting for district directors must be limited to those who reside within Director District A or whether, though nominated and residing within District A, the candidates must be voted on by the entire school district. For reasons which hereafter appear we conclude that the trial court was correct in holding Cook to have been properly elected.

The Colorado Constitution, Article IX, Section 15, states in pertinent part:

"School districts — board of education. — The general assembly shall, by law, provide for organization of school districts of convenient size, in each of which shall be established a board of education, to consist of three or more directors *to be elected by the qualified electors of the district.* * * * " (Emphasis supplied.)

The legislature, under C.R.S. '53, 123-10-3, long ago classified school districts into various classes depending on school population and provided for the election of directors, pursuant to the constitutional mandate, i.e., "in each school district."

The earlier law, however, made no provisions for the subdivision of districts into director districts as is now required. Present statutes provide in this regard as follows:

"123-25-13. Organizational plan — requirements. —

\* \* \*

"(2) A plan shall provide a specific plan of representation for the members of the board of education of the proposed district. Said proposed district shall be subdivided into five to seven director districts \* \* \*. *Each subdivision shall be represented by one director* \* \* \*. *The plan shall designate the director districts from which members of the board of education shall be elected* \* \* \*." (Emphasis supplied.)

"123-25-27 (4). Boards of Education. — \* \* \*

"(4) *Any person desiring to be a candidate* for the office of director of a new district formed under the provisions of this article *shall be a resident of the director district which he seeks to represent.* \* \* \* If a member \* \* \* shall become, during his term of office, a nonresident of the director district from which elected, he shall be deemed thereby to vacate his office. *If any vacancy for any cause shall occur* on the board, *the same shall be filled* \* \* \* *by the appointment of a resident of the director district in which the vacancy occurs,* \* \* \* ." (Emphasis supplied.)

"123-8-26. Classification and directors of districts. —

\* \* \*

"(4) *Directors shall be elected from the director districts in which they reside and whenever a director shall cease to reside in his director district his office shall become vacant* \* \* \* ; provided, however, that a director continuing to reside in the school district who is no

longer in his director district solely by reason of a change in the boundaries of such director district shall continue to hold his office for the remainder of his term." (Emphasis supplied.)

It can be seen from the above quotations that the constitutional provision requires that directors shall *"be elected by the qualified voters of the district"*; and that current statutes require that the directors *be nominated "from the director districts in which they reside."*

Thus, the statutes can be harmonized with the constitutional proviso as was done by the trial court. The judgment accordingly must be affirmed.

MR. CHIEF JUSTICE FRANTZ concurs in the result only.

MR. CHIEF JUSTICE FRANTZ concurring in the result only:

Nomination is not the only talisman of the statute. If the majority opinion implies that C.R.S. '53, 123-25-13, 123-25-27 (4), and 123-8-26, mean that a candidate be only nominated "from the director district in which [he resides]," I am unable to agree; as I view the statute, a candidate for the office of director of a "director district" must be a resident of said district, must be nominated *and elected* from said district, and shall upon election represent said district.

C.R.S. '53, 123-25-27 (4) requires that the candidate "shall be a resident of the director district which he seeks to represent," and further provides that if he should become "a non-resident of the director district *from which elected* he shall be deemed thereby to vacate his office." C.R.S. '53, 123-8-26, prescribes that "directors shall be elected from the director districts in which they reside. . . ."

To me the statute is plain, and because it is plain, this Court is left no alternative but to declare the statute invalid as being in contravention of Article IX, Section 15, of the Constitution of this state.

So far as I am concerned, the constitutional provision adverted to is self-executing in respect to the matter of who shall elect directors for a school district. The provision is quoted in the majority opinion, and from it we know that directors are "to be elected by the qualified electors of the district."

Cook was elected by the qualified electors of the district. His election was in compliance with the constitutional provision, the controlling law.